UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE<br>COMPANY, et al.,<br><br>              Debtors.<br>_____<br>BINGHAM McCUTCHEN LLP,<br><br>              Defendant-Appellant,<br><br>    v.<br><br>USACM LIQUIDATING TRUST,<br><br>              Plaintiff-Appellee.<br>_____ | Chapter 11 Case No. BK-S-06-10725-LBR<br><br>Jointly Administered<br><br>Adversary No. 08-01131-lbr<br><br>Case No. 2:09-cv-01608-RLH-LRL<br><br>Ref. No. 09-CV-32<br><br><br>**OPINION** |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Honorable Linda B. Riegle, Bankruptcy Judge, Presiding

Submitted March 11, 2010
Las Vegas, Nevada

Filed June 3, 2010

Opinion by Chief Judge Roger L. Hunt

1

AO 72
(Rev. 8/82)

HUNT, Chief Judge.

In this appeal, the Court considers whether the bankruptcy court erred when it granted USACM Liquidating Trust's (the "Trust") motion for summary judgment. The bankruptcy court concluded that USA Commercial Mortgage's ("USACM") wire transfer of $200,000 to Defendant, law firm Bingham McCutchen ("Bingham"), was a fraudulent and thus avoidable transfer under 11 U.S.C. § 548. The Court affirms the bankruptcy court's order.

## I. BACKGROUND

In its capacity as a mortgage lender, USACM orginated and serviced several loans for the development of a real estate project in Los Angeles known as Marlton Square. The developers for the Marlton Square project included three entities controlled by Christopher Hammond: Capital Vision Equities ("CVE"), MS Acquisition, and Marlton Square Associates. Bingham provided legal counsel to CVE for Marlton Square and other projects.

In November 2005, CVE sent Bingham a check for $250,000 for outstanding amounts due to Bingham, which was returned for insufficient funds. CVE sent a second check to Bingham for $225,000 in December 2005, which was also returned for insufficient funds on January 9, 2006. The next day, January 10, USACM wired $200,000 to Bingham. USACM recorded the transfer as an advance to the Marlton Square project and classified it as an account receivable on USACM's books. No party presented to the Court additional documentation or written records in relation to the wire transfer. Bingham had no direct business relationship to USACM prior to or following the transfer. At the time of the wire transfer, MS Acquisition was past due on interest payments of $964,434 from previous loans USACM made to it.

USACM filed a petition for Chapter 11 bankruptcy on April 13, 2006, and the liquidating Trust was formed to manage its assets. The Trust brought suit in bankruptcy court to recover the $200,000 transferred to Bingham in January 2006. Title 11 U.S.C. § 548 provides that bankruptcy trustees may avoid constructively fraudulent transfers. The Trust claims that under 11 U.S.C. § 548 (a)(1)(B)(i), USACM received less than a reasonably equivalent value in exchange

for its transfer to Bingham. The bankruptcy court found that the transfer was avoidable and granted summary judgment in favor of the Trust. The bankruptcy court concluded that USACM had not received any kind of promise to pay in return for the $200,000 and that the transfer was not made for reasonably equivalent value. Bingham appeals.

## II.  JURISDICTION AND STANDARDS OF REVIEW

The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).  A bankruptcy court's conclusions of law are subject to de novo review, as are its grants of summary judgment. *In re Bialac*, 712 F.2d 426, 429 (9th Cir. 1983); *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). In considering the Trust's motion for summary judgment de novo, the Court "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the [bankruptcy] court correctly applied the relevant substantive law." *See McDonald v. Sun Oil Co.*, 548 F.3d 774, 778 (9th Cir. 2008) (internal quotation marks and citations omitted).

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1148 (D. Nev. 2005). In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002). The non-moving party "may not rely on denials in the

pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

### III.  DISCUSSION

The Court now considers the sole issue on appeal: whether, under 11 U.S.C. § 548(a)(1)(B)(i), USACM received reasonably equivalent value in exchange for its wire transfer to Bingham.

Section 548 provides a mechanism by which bankruptcy trustees can avoid fraudulent transfers. To avoid a transfer under U.S.C. § 548 (a)(1)(B), the Trust must establish that: (a) USACM received less than reasonably equivalent value for the transfer; (b) USACM was insolvent on the date of the transfer; (c) the transfer occurred within one year of the bankruptcy filing; and (d) USACM had an interest in the property transferred. 11 U.S.C. § 548 (a)(1)(B); *In re Trujillo*, 215 B.R. 200, 203 (9th Cir. 1997).

In determining whether a debtor received reasonably equivalent value, a court undertakes a two-step process. *In re Brobeck, Phleger, & Harrison, LLP*, 408 B.R. 318, 341 (Bankr. N.D. Cal. 2009). First, it determines whether the debtor received any value in exchange for the transaction. *Id.* Second, where value was exchanged, the court determines whether the value of the transferred asset was reasonably equivalent to what the debtor received. *Id.*

The parties in this case agree a promise of repayment can provide reasonably equivalent value. However, Bingham has not provided any evidence whatsoever of a promise to pay. No party has provided any evidence to suggest that Hammond, CVE, MS Acquisitions, Marlton Square Associates, or any other affiliated entity or person agreed, orally or in writing, to repay this loan. Neither has Bingham shown that the $200,000 was added to any existing USACM loan amount or that any new loan documentation or agreement were created. Based on this lack of evidence, the Court concludes no reasonable juror could find that USACM received reasonably equivalent value for its transfer to Bingham. The Court therefore concludes the bankruptcy court did not err in granting the Trust's motion for summary judgment.

4

## CONCLUSION

No genuine issue exists as to whether USACM received equivalent value from any party for its transfer to Bingham. Given the material and undisputed facts of this case, a reasonable juror could not conclude that USACM received reasonably equivalent value for its wire transfer of $200,000 to Bingham. Thus, there is no genuine dispute the transfer violated 11 U.S.C. § 548. The bankruptcy court's entry of summary judgment on the issue was therefore appropriate, and its decision is AFFIRMED.

Dated: June 3, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**